**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RICHARD GENTILE,** | ) | **CASE NO. 1:12CV1657** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **CITY OF SOLON, etc., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

> This matter comes before the Court upon the Motion (ECF DKT #15) of Defendant, Mary Greathouse Gentile, to Dismiss.  For the following reasons, the Motion is GRANTED IN PART AND DENIED IN PART.

## I. FACTUAL BACKGROUND

> On or about December 3, 2010, Officer James Cervik, of the Solon Police Department, responded to a call, placed by Defendant, claiming that she and Plaintiff (her then-husband), were involved in a domestic altercation.  Shortly after receiving the call, Officer Cervik arrived at the scene.  Upon encountering Plaintiff, who was smoking a cigar at the time, Officer Cervik demanded that he drop the cigar.  According to Plaintiff, Officer Cervik

accosted Plaintiff, threw him to the ground, and handcuffed him without any opportunity to effect compliance with Officer Cervik's initial order.

On December 3, 2010, at 6:33 p.m., Defendant made a police report, claiming that Plaintiff had previously broken down a door, and that Plaintiff had fought with their son, and "screamed horrible things" at the Defendant.  Defendant indicated to authorities that she wanted to seek a warrant and press charges.  Therefore, on December 3, 2010, Defendant signed an affidavit in support of a criminal complaint for domestic violence.

Defendant alleged other acts of domestic violence inflicted at the hands of Plaintiff. Defendant claimed that Plaintiff hit her shoulder with a door, and that she was in fear for her safety.  She also claimed that Plaintiff had "hurt her several times" on unspecified occasions in the past.  Defendant alleged that Plaintiff was unethical, and inferred that he had previously fixed a case in Mahoning County.  These statements were made during and after the domestic violence trial.

In November of 2009, nearly a year before the incident central to this Complaint, Plaintiff informed the Solon Police Department that Defendant suffered gravely from a personality disorder and was a "serious risk" for filing false charges.

The domestic violence charge against Plaintiff proceeded to trial on May 19, 2011; and resulted in a Not Guilty verdict.

## II.  PROCEDURAL HISTORY

On May 10, 2012, Plaintiff commenced an action in the Cuyahoga County Court of Common Pleas, Ohio, bearing Case No. 78237, seeking judgment against Defendants, City of Solon, Ohio; James Cervik; Bedford City Jail; City of Bedford, Ohio; and Mary Greathouse

-2-

Gentile.  On June 8, 2012, Plaintiff dismissed without prejudice Defendant Bedford City Jail.

The cause of action was removed (ECF DKT #1) to this Court on June 26, 2012.  The instant

Motion to Dismiss was filed on October 10, 2012.  Plaintiff filed his First Amended

Complaint Instanter (ECF DKT #18) for Money Damages and Injunctive Relief on October

29, 2012; and on the same day, Plaintiff filed his Memorandum (ECF DKT #19) in

Opposition to Defendant's Motion to Dismiss.  On November 1, 2012, Defendant filed her

Reply Memorandum (ECF DKT #20) in Support of her Motion to Dismiss.

### III.  LAW AND ANALYSIS

**A.  Civil Rule 12(b)(6) Standard**

In deciding a motion to dismiss under Fed.R.Civ.P.12(b)(6), the court must accept as

true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89,

93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a
> "short and plain statement of the claim showing that the pleader is entitled to
> relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.
> Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require
> "detailed factual allegations," but it demands more than an unadorned, the-
> Defendant-unlawfully-harmed-me accusation.  *Id.* at 555... A pleading that
> offers "labels and conclusions" or "a formulaic recitation of the elements of a
> cause of action will not do." *Id.* at 555.  Nor does a complaint suffice if it
> tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at
> 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to "state a claim to relief that is plausible on its face."
> *Id.* at 570.  A claim has facial plausibility when the Plaintiff pleads factual
> content that allows the court to draw the reasonable inference that the
> Defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility
> standard is not akin to a "probability requirement," but it asks for more than a
> sheer possibility that a Defendant has acted unlawfully.  *Ibid.*  Where a
> complaint pleads facts that are "merely consistent with" a Defendant's liability,

it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**B. Plaintiff's Claim for Defamation is Barred by the One Year Statute of Limitations Contained in Ohio Revised Code § 2305.11(A)**

Defendant argues that the statute of limitations on Plaintiff's claim for Defamation under R.C. § 2305.11(A) has run. According to the statute, "an action for libel, slander, malicious prosecution... shall be commenced within one year after the cause of action accrued..." R.C. § 2305.11(A). Defendant asserts that a defamation claim is not subject to the discovery rule, but rather, a cause of action accrues and the one year statute of limitations begins to run from the time the alleged slanderer's words were spoken, whether the plaintiff had knowledge or not." *Rainey v. Shaffer*, 8 Ohio App.3d 262, 263 (11th Dist. 1983). This is known as the "first publication" rule. Since the alleged defamatory statements were made on December 3, 2010, Defendant argues that the latest that Plaintiff's claim could be filed would

-4-

be December 3, 2011.  As this cause of action was filed May 10, 2012, the statute of limitations, Defendant contends, has run on this claim.  The Court agrees.

Plaintiff claims that the cause of action could not accrue until the date of the injury, which, he argues, is May 19, 2011.  However, this position is clearly against Ohio precedent.  The important and definitive inquiry is not when the Plaintiff suffered harm as a result of the defamatory statements, but rather when the defamatory statements were originally spoken.  *Id.*  Plaintiff's knowledge, or lack thereof, of the slanderous statements is irrelevant as well, as the statute of limitations begins to run on the date the words are originally spoken, regardless of Plaintiff's knowledge.  *Id.*; *see also Lewis v. Delaware County JVSD*, 161 Ohio App.3d 71 (5th Dist. 2005).

Plaintiff also asserts that Defendant continued to make these statements throughout the criminal proceedings and beyond.  Plaintiff argues that this is not just a one-time defamatory statement, but, rather, a continuing defamation; and that the statute of limitations should begin at the date of the last defamatory statement and not at the date of the first defamatory statement.  However, Plaintiff is unable to cite to any authority supporting this assertion.  In fact, Ohio courts have consistently refused to apply any proposed continuing defamation rule, instead opting to apply the "first publication" rule.  *Daubenmire v. Sommers*, 156 Ohio App.3d 322 (12th Dist. 2004); *Cramer v. Fairfield Med. Ctr.*,182 Ohio App.3d 653 (5th Dist. 2009)(one-year limitations period governing claims for defamation began to run when alleged defamatory statements were made, not when employee became aware of injury associated with acts); *Lewis*, *supra*. (discovery rule, which delays the commencement of the running of a limitations period, does not apply to defamation claims, which for limitations purposes accrue

-5-

when the allegedly defamatory statements are published).  Plaintiff's arguments are without merit.

Were the Court to rule that the continuous, subsequent statements reset the statute of limitations period, Defendant's statements would be privileged, as they were made in connection with an ongoing criminal investigation.  Plaintiff appears to contend that, since he was acquitted on the charges of domestic violence, Defendant's statements were proven false, became defamatory per se, and that her continued accusations during the trial would extend the statute of limitations.  However, "a statement made in a judicial proceeding enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceeding in which it appears." *Hecht v. Levin*, 66 Ohio St.3d 458, 460 (1993) (citing *Surace v. Wuliger*, 25 Ohio St.3d 229 (1986)).  Plaintiff's claims for Defamation are without merit.

## C.  Malicious Prosecution

Defendant next argues that Plaintiff's claims for Malicious Prosecution should be dismissed.  In order to state a claim for malicious prosecution, the plaintiff must prove "by a preponderance of the evidence (1) malice in the institution or continuation of the prosecution, (2) a lack of probable cause in undertaking the prosecution, and (3) the termination of the prosecution in favor of the accused." *Evans v. Smith*, 97 Ohio App.3d 59 (1st Dist. 1994).  Plaintiff has clearly met the third element here, as the domestic violence charge proceeded to a trial, which resulted in a unanimous jury verdict of not guilty.

The Ohio Supreme Court has defined "malice" for purposes of a claim of malicious criminal prosecution as "an improper purpose, or any purpose other than the legitimate

-6-

interest of bringing an offender to justice." *Criss v. Springfield Township.*, 56 Ohio St.3d 82 (1990).  In determining whether a criminal prosecution was instituted or continued for an improper purpose, the Court examines the basis for the decision to prosecute.  In the absence of evidence showing a basis for the decision, the defendant will appear to have made the decision without any basis, *i.e.,* maliciously.  *Id.* at 85**.**  Thus, the absence of probable cause is the gist of an action for malicious prosecution; and malice may be inferred from the absence of probable cause. *Evans*, 97 Ohio App.3d at 68.

The determination of whether a criminal prosecution was undertaken without probable cause entails an inquiry into the facts and circumstances actually known to, or reasonably within the contemplation of, the defendant at the time of the instigation of the criminal proceedings. *Mayes v. Columbus*, 105 Ohio App.3d 728, 737 (10th Dist.1995).  For purposes of a claim for malicious prosecution, a criminal prosecution was undertaken without probable cause if the defendant instituted or continued the prosecution without a reasonable ground of suspicion, "supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused [was] guilty of the offense with which he [was] charged." *McFinley v. Bethesda Oak Hosp.*, 79 Ohio App.3d 613, 616-617 (1st Dist.1992) (citations omitted).

There is evidence in the record that Plaintiff had warned Lt. Alestock of the Solon Police Department, nearly a year before the altercation in question, that Defendant "suffered gravely from a personality disorder and was at a serious risk for filing false charges." (Complaint, ECF DKT #1, ¶12).  Viewing all facts and inferences in a light most favorable to Plaintiff, the allegation of Defendant's supposed personality disorder calls into question

-7-

whether Defendant *actually knew* of facts and circumstances that existed at the time of the initiation of the criminal proceedings against Plaintiff that would rise to the level of probable cause. Therefore, Plaintiff's claim for Malicious Prosecution survives Defendant's Motion to Dismiss.

**D. Abuse of Process**

Defendant also seeks to dismiss Plaintiff's claim for Abuse of Process. In order to state a claim for abuse of process, the plaintiff must allege:

> (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.

*Yaklevich v. Kemp, Shaeffer, & Rowe Co., L.P.A.*, 68 Ohio St.3d 294 (1994).

Defendant argues that Plaintiff's Complaint does not sufficiently plead either the first or the second element of the cause of action. With regard to the first element, Defendant claims that since Plaintiff's Complaint fails to set out that Defendant properly instituted proceedings with probable cause, Plaintiff's claim for abuse of process must fail. However, according to Fed.R.Civ.P. 8(d)(2): "[A] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Here, Plaintiff properly pled a claim for malicious prosecution; and his statement pleading the alternative theory of abuse of process is sufficient to meet the first element.

Defendant argues that Plaintiff fails to meet the second element of his abuse of process

claim, in that he does not plead sufficient facts to demonstrate that the proceeding had "been perverted to attempt to accomplish an ulterior purpose for which it was not designed." *Nosker v. Greene Cty. Regional Airport Authority*, 2nd Dist. No. 96 CA 101, 1997 WL 271407, *2 (May 23, 1997).  However, Plaintiff's Amended Complaint explicitly states that "such ulterior motives [include]... [Defendant's] motive to gain an advantage in divorce proceeding[s] pending at the time;" "gaining sole possession of the marital residence through a protective order derivative of the domestic violence action;" and "to gain an advantage relative to child custody, child support, and/or spousal support."  (ECF DKT #18, ¶29).  Again, viewing the Complaint in a light most favorable to Plaintiff, he has met the pleading burden for his abuse of process claim.

Discovery will be permitted to go forward on both the malicious prosecution and abuse of process claims.  However, in the event that dispositive motions are filed, and after the Court's ruling, Plaintiff will be required to elect whether he will proceed on his malicious prosecution claim or his abuse of process claim.

**E.  Intentional Infliction of Emotional Distress**

Defendant seeks to dismiss Plaintiff's claim for Intentional Infliction of Emotional Distress.  Defendant argues that the statute of limitations has run on that claim because the actions giving rise to the claim are so closely tied to the defamation action, that the same statute of limitations should be used.  Plaintiff does not argue that the four-year statute of limitations for intentional infliction of emotional distress found in R.C. § 2305.09(D) applies to this case.  Rather, he argues that since his Intentional Infliction of Emotional Distress claim is closely tied to his Defamation claim, the "continuing defamation" would stay the statute of

limitations for both causes of action.  However, since there is no "continuing defamation," the applicable statute of limitations is one year from the point where the words were first spoken. Plaintiff's claim for Intentional Infliction of Emotional Distress is also dismissed.

## IV. CONCLUSION

Plaintiff has sufficiently pled claims for Malicious Prosecution, and in the alternative, Abuse of Process.  Defendant's Motion to Dismiss is DENIED with regard to both of those claims.  Defendant's Motion is GRANTED with regard to Plaintiff's claims for Defamation and Intentional Infliction of Emotional Distress.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  January 9, 2013**